UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

In re:

Jodie Louise Byrne,

Debtor

Chapter 13
Case No. 22-10117

### ORDER DENYING MOTION

This matter came before the Court on the Debtor's Motion Regarding the Court's Proposed Dismissal [Dkt. No. 13] (the "Motion"). In the Motion, Ms. Byrne appears to request a waiver of the filing fee for this chapter 13 case or, in the alternative, permission to pay the entire filing fee at the end of the chapter 13 case. Ms. Byrne also asks for a "video hearing" and states other general exhortations.

To the extent that Ms. Byrne is seeking a fee waiver or deferral under 28 U.S.C. § 1915(a), that statute does not apply to the filing fee in a bankruptcy case. Bankruptcy fees are governed by a different statute, 28 U.S.C. § 1930. Section 1930 allows this Court to waive the filing fee only in a case under the Bankruptcy Code's chapter 7 (which generally involves discharging some or all debt and liquidating some of a debtor's assets to pay creditors). *See* 28 U.S.C. § 1930(f)(1).[1]

Here, Ms. Byrne has filed a case under chapter 13 (which generally involves reorganizing, adjusting, and potentially discharging debt through a three to five-year plan proposed by a debtor who has regular income). Section 1930 does not authorize the Court to

---

[1] Filing fee waivers in cases under chapter 7 are limited to debtors whose income is less than 150 percent of the federal poverty guidelines. 28 U.S.C. § 1930(f)(1). Such debtors must also show an inability to pay the filing fee in installments. 28 U.S.C. § 1930(f)(1).

waive the filing fee in a chapter 13 case. *See* 28 U.S.C. § 1930(f)(1). Thus, the Court cannot grant Ms. Byrne's request to waive that filing fee.

The Court can allow a chapter 13 debtor to pay the fee in installments. *See* Fed. R. Bankr. P. 1006(b)(1)-(2). When it does so, the fee must be fully paid within 180 days after the chapter 13 case begins. *See* Fed. R. Bankr. P. 1006(b)(2). Because a chapter 13 plan generally takes at least three years to complete—which is more than 180 days after the case begins—the Court cannot permit Ms. Byrne to pay the filing fee at the end of her chapter 13 case.

The Court has previously granted Ms. Byrne's request to pay in installments [Dkt. No. 6]. The Court established a payment schedule of four payments. The first payment of $78.25 was due May 31, 2022, but Ms. Byrne has not paid it. The second payment of $78.25 is due June 22, 2022. **If the first two installment payments (each in the amount of $78.25) are not received by the Clerk's office by June 22, 2022, then this case will be dismissed promptly after June 22.**

In her Motion, Ms. Byrne also requests that the Court seal all, or a portion of, the record in this case. In general, documents filed in bankruptcy cases are public records that can or must be sealed only in very limited circumstances. *See, e.g.*, 11 U.S.C. § 107; Fed. R. Bankr. P. 9018, 9037. Ms. Byrne asks that the record "be sealed to shield [her] due to Domestic Violence." Although Ms. Byrne generally references domestic violence throughout her Motion, she does not explain why or how sealing the record would be necessary to protect her from domestic violence, and she does not cite any legal authority that might support sealing the record, or any portion of it, in this case. That is, Ms. Byrne has not provided enough detail to show that her circumstances fit within any of the limited circumstances for sealing access to documents or information in a

bankruptcy case. *See* Fed. R. Bankr. P. 9013 (requiring that any motion "state with particularity the grounds" that support what is being requested in the motion).

Ms. Byrne further asks the Court to correct or add addresses for certain creditors. If Ms. Byrne needs to update creditors' addresses or other information that she previously provided to the Court on a list or schedule, she must follow the proper steps under the Federal Rules of Bankruptcy Procedure and this Court's local rules. The Motion does not follow those steps. *See* Fed. R. Bankr. P. 1009(a); LBR 1009-1.

Finally, Ms. Byrne asks that the Court hold a video hearing and begin "morally and legally" assisting her in some unexplained way. Ms. Byrne's generalized plea for assistance is not something that the Court can, consistent with the role of the Judiciary in our system of government, act on. Ms. Byrne is, however, encouraged to consult with and, if possible, to retain counsel to represent her. Given the Court's rulings on the other requests in the Motion, there remains no need to hold a hearing.

For these reasons, the Motion is hereby denied. The Clerk is directed to serve a copy of this Order on Ms. Byrne by electronic mail at the email address from which she submitted her Motion and by first class mail at her mailing address of record. Such service must be accomplished on June 15, 2022.

Dated:  June 15, 2022

Michael A. Fagone
United States Bankruptcy Judge
District of Maine