**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

In re:

Jodie Louise Byrne,

           Debtor

Chapter 13
Case No. 22-10117

## ORDER DENYING DEBTOR'S MOTION TO WAIVE FEES

Jodie Louise Byrne, the debtor in this chapter 13 case, has filed a Motion to Waive Appeal Fees [Dkt. No. 56]. For the reasons set forth below, that motion is denied without prejudice.

Ms. Byrne has appealed an order of this Court. That appeal is pending in the United States Bankruptcy Appellate Panel for the First Circuit and is governed by 28 U.S.C. § 158. Section 158 provides in pertinent part that an appeal being heard at the Bankruptcy Appellate Panel "shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts[.]" 28 U.S.C. § 158(c)(2). Appeals in civil proceedings in the courts of appeals are governed by the Federal Rules of Appellate Procedure. *See* Fed. R. App. P. 1(a)(1). Rule 24, entitled "Proceeding in Forma Pauperis," specifies that a party seeking to proceed in forma pauperis must file a motion. Ms. Byrne has done that. The rule further specifies that an affidavit must be provided with the motion:

> The party [seeking to proceed in forma pauperis] must attach an affidavit that:
>
>     (A) shows in the detail prescribed by Form 4 of the Appendix of Forms
>     the party's inability to pay or to give security for fees and costs;
>
>     (B) claims an entitlement to redress; and
>
>     (C) states the issues that the party intends to present on appeal.

Fed. R. App. P. 24(a)(1). Ms. Byrne did not attach the required affidavit to her motion. Because Ms. Byrne did not provide the required affidavit, the Court is unable to determine her entitlement to the relief she seeks. Her motion is therefore denied without prejudice.

If Ms. Byrne wishes to renew her motion, any renewed motion must be supported by an affidavit that contains the information identified in Form 4 of the Appendix of Forms to the Federal Rules of Appellate Procedure. That affidavit must also be signed under the penalties of perjury and notarized by a notary. Alternatively, Ms. Byrne may provide a sworn statement under 28 U.S.C. § 1746 that contains the information identified in Form 4. Section 1746 provides:

> Wherever, under any law of the United States or under any rule . . . any matter is required or permitted to be supported, evidenced, established, or proved by the . . . affidavit, in writing of the person making the same . . . such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:
>
> (1) If executed without the United States:
>
> "I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date).
>
> (Signature)".
>
> (2) If executed within the United States, its territories, possessions, or commonwealths:
>
> "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).
>
> (Signature)".

28 U.S.C. § 1746.

- 3 -

      Ms. Byrne's generalized statements about domestic violence and economic violence during her marriage and during the divorce proceedings that resulted in the termination of her marriage—while serious—are not sufficient to establish her present inability to pay the filing fee associated with her appeal. If she wishes to renew her motion, she will need to provide detailed information about her current income, expenses, and assets.

Dated: September 20, 2022

Michael A. Fagone
United States Bankruptcy Judge
District of Maine