**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

In re:

Jodie Louise Byrne,

           Debtor

Chapter 13
Case No. 22-10117

## ORDER OVERRULING CLAIM OBJECTIONS

On July 27, 2022, the Debtor filed a "Motion to Inform the Court Regarding Compliance with the Rules and Supreme Court Writ, and Disputed marital bills from 1988-2010" which was docketed as an Objection to Claim Numbers 4 and 5. *See* [Dkt. No. 36]. A few days later, the Debtor filed a "Motion to Object to the Following Claimants and a Request for a Hearing with all Claimants held on the same day" which was docketed as an Objection to Claim Numbers 1, 2, and 3. *See* [Dkt. No. 40]. The Debtor then filed a notice setting her claim objections for hearing on September 29, 2022, with a response deadline of September 29, 2022, and a certificate of service indicating that her claim objections were mailed to certain parties on a service list that was not attached. *See* [Dkt No. 41]. After a corrective docket entry by the Clerk's Office, the Debtor filed an amended notice of the September 29 hearing date with a response deadline of September 21, 2022, and a certificate of service that included an attached service list. *See* [Dkt. No. 42]. That certificate of service shows that the holders of Claims 1, 2, 3, 4, and 5 were mailed copies of the claim objections filed by the Debtor. That certificate of service does not, however, indicate whether the holders of Claims 1, 2, 3, 4, and 5 were mailed notice of the September 29 hearing date and correct response deadline.

The Official Proof of Claim Form requires a creditor to specify where notices to the creditor should be sent. In general, a claim objection and notice of the hearing thereon must be

sent to the person and address specified on the proof of claim for the receipt of notices.  *See* Fed. R. Bankr. P. 3007(a)(2)(A).  However, if the objection is to a claim of an agency of the United States, the objection and notice of hearing must be served in the manner provided by Fed. R. Bankr. P. 7004(b)(4) or (5).  *See* Fed. R. Bankr. P. 3007(a)(2)(A)(i).  The Debtor mailed her claim objections to the holder of Claim 1, Capital One Bank, at the address specified in its proof of claim for payments, not the address specified for notices.  The United States Department of Education, the holder of Claim 2, did not receive notice of the objections in the manner provided by Rule 7004.  The Debtor fared somewhat better with Claims 3, 4, and 5.  The service list attached to her certificate of service shows that each of those creditors received notice of the Debtor's claim objections at the addresses specified for receipt of notices in their proofs of claim.  Whether those creditors also received notice of the hearing on the Debtor's claim objections and the deadline for filing responses remains unclear.[1]

Ally Bank, the holder of Claim 3, lodged a timely response to the Debtor's objection to its claim.  *See* [Dkt. No. 57].  At the hearing on September 29, the Court overruled the Debtor's objections to Claims 1, 2, 3, and 5, and overruled her objection to Claim 4 without prejudice.  This order memorializes and expands upon the reasoning articulated on the record.

A proof of claim that is completed and filed in accordance with the Federal Rules of Bankruptcy Procedure constitutes "prima facie evidence of the validity and amount of the claim."  Fed. R. Bankr. P. 3001(f).  A claim, proof of which is filed, "is deemed allowed" in the absence of objection.  11 U.S.C. § 502(a).  The filing of an objection does not divest a proof of

---

[1] At the hearing on September 29, the Court indicated that the Debtor had failed to provide any notice of her claim objections to the holders of Claims 1, 2, 3, 4, or 5.  That was not entirely accurate.  The Court's indication was based on a review of the Debtor's original notice of hearing and certificate of service [Dkt. No. 41], but did not account for her amended notice of hearing and certificate of service [Dkt. No. 42].  This order provides a more accurate and detailed analysis of the Debtor's attempts to provide notice and is intended to supersede any remarks to the contrary on the record of the September 29 hearing.

claim of presumptive validity "unless the objection is supported by *substantial evidence*." Juniper Dev. Grp. v. Kahn (In re Hemingway Transp., Inc.), 993 F.2d 915, 925 (1st Cir. 1993).

Each of the claims challenged by the Debtor was executed and filed in accordance with the Federal Rules of Bankruptcy Procedure, and each of those claims is therefore presumptively valid. The Debtor did not come forward with substantial evidence in support of her objections, and consequently failed to overcome the presumption of validity that attends Claims 1 through 5.

Beyond that, the Debtor's objection to Claim 1 is lacking in detail: she says only that she objects "[f]or high interest, late charges and for other reasons." *See* [Dkt. No. 40]. Her objection to Claim 5 is even less detailed; she seems to believe that Verizon, the holder of the claim, may have "overcharged" her for certain long distance phone calls. *See* [Dkt. No. 36]. With respect to Claim 2, the Debtor seems to suggest that the debt was allocated to her ex-husband in their divorce. She provided no evidence of this allocation, and even if such allocation occurred it likely would not have absolved the Debtor of personal liability on the debt but would rather have created rights between the Debtor and her ex-spouse.[2] As for Claim 3, the Debtor's generalized complaints about the interest rate and discriminatory lending do not provide a basis to disallow the claim under section 502(b).

The Debtor's objection to Claim 4, a claim filed by Pinnacle Credit Services, lands slightly closer to the mark. She asserts that the debt is "old." The attachments to Claim 4 support that allegation to an extent. Those attachments reflect that the debt, arising out of an agreement with Verizon, originated in 2009 and was charged off in 2010. It is unclear which state's statute of limitations might apply to that debt. But this limited record provides some basis

---

[2] If, for example, the student loan debt was allocated to the Debtor's ex-spouse in a decree of divorce, and if the Debtor subsequently made payments on that debt, she might have a right (akin to a right of indemnity or contribution) to collect the amount of those payments from her ex-spouse. But that is not the same as a release of liability of the Debtor to a creditor for a debt she incurred voluntarily.

- 3 -

to believe that the claim may be unenforceable against the Debtor under applicable nonbankruptcy law.  *See* 11 U.S.C. § 502(b)(1).

    For these reasons, and those set forth on the record of the hearing on September 29, the Debtor's objections to Claims 1, 2, 3, and 5 are overruled.  As for Claim 4, it appears that the debt may be time-barred.  But because it is not clear that the creditor received notice of the September 29 hearing date and the related objection deadline, the Debtor's objection to Claim 4 is overruled without prejudice (meaning that the Debtor can, if she wishes, renew her objection).

Dated: September 30, 2022

                              Michael A. Fagone
                              United States Bankruptcy Judge
                              District of Maine